**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

WILLIE JAMES SMITH                                                                PETITIONER
ADC #127694

v.                                          5:16CV00166-DPM-JJV

WENDY KELLEY                                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen days from the date of the findings and recommendations.

The copy will be furnished to the opposing party.  Failure to file timely objections may result in a

waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    BACKGROUND

Petitioner, Willie Smith, is serving a ten-year sentence for being a felon in possession of a firearm.  (Doc. No. 8-2 at 9.)  Mr. Smith pleaded guilty in Ashley County Circuit Court case CR-2014-8-1 on March 31, 2014.  (*Id.*)

He is also serving time on a previously suspended sentence.  In March 2011, he pleaded guilty to first-degree battery and felon in possession of a firearm in Ashley County Circuit Court case CR-2010-79-4 and was sentenced to time-served,[1] a suspended sentence of 120 months' imprisonment, and ordered to pay restitution, fees, and costs.  (Doc. No. 8-1.)  So after Mr. Smith was arrested in case CR-2014-8-1, the State moved to revoke his suspended sentence in case CR-2010-79-4.  By pleading guilty, Mr. Smith admitted to the conduct alleged in the revocation petition, which resulted in the imposition of his suspended sentence.  (Doc. No. 8-2 at 2-4.)  The ten-year sentences were to run concurrently, and because Mr. Smith is a habitual offender with more than one violent felony conviction, he is not eligible for parole.  *See* Ark. Code Ann. § 16-93-609(b)(1).

Mr. Smith did not appeal his conviction.[2]  Nevertheless, he filed a timely Rule 37 petition

---

[1]Mr. Smith had served fifty days in county jail.

[2]Under Arkansas law, there is no right to appeal an unconditional guilty plea.  Ark. R. App. P. -- Crim. 1(a).

that was denied on March 3, 2015.  (Doc. No. 8-5.)  Although Mr. Smith timely lodged a notice of

appeal on March 13, 2015, he failed to lodge the record within the requisite ninety-day filing period.

(Doc. No. 8-12.)  Mr. Smith filed a motion for extension of time to lodge the record thirty-two days

after the ninety-day period had lapsed.  (Doc. No. 8-7 at 1.)  On July 22, 2015, the circuit court

lodged a partial record with the Arkansas Supreme Court.  (Doc. No 8-7.)  Mr. Smith filed a motion

for rule on clerk in Ashley County Circuit Court on October 13, 2015 (Doc. No. 8-9 at 1), and it was

granted on January 15, 2016.  (*Id.* at 3.)  On March 16, 2016, Mr. Smith filed a motion for rule on

clerk in the Arkansas Supreme Court.  (Doc. No. 8-11 at 1.)  However, the Arkansas Supreme Court

denied the motion and found Mr. Smith had never properly lodged the record and could not

"demonstrate good cause for failure to comply" with Arkansas Rules of Procedure.  *Smith v. State*,

2016 Ark. 194 *2-3.

In September 2015, Mr. Smith attempted to challenge the imposition of his suspended

sentence by filing a petition to correct an illegal sentence in the Circuit Court of Ashley County.

(Doc. No. 8-13 at 1.)  The petition was dismissed.  (Doc. No. 8-13 at 7.)  Mr. Smith appealed, and

the Arkansas Supreme Court dismissed without comment.  (Doc. No. 8-14.)

On May 31, 2016, Mr. Smith filed the current Petition for Writ of Habeas Corpus challenging

the CR-2014-8-1 conviction[3] and alleging ineffective assistance of counsel.  (Docs. No. 1-2.)  Wendy

Kelley responded that the Petition is time-barred by the Antiterrorism and Effective Death Penalty

Act (AEDPA).  For the following reasons, I agree.

## II.    ANALYSIS

Title 28 U.S.C. § 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for

---

[3]Even if Mr. Smith had challenged his imposition of suspended sentence, it would also be time-barred.  The AEDPA statute of limitations period ended on May 4, 2015, and Mr. Smith is not entitled to any tolling.

writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Mr. Smith's sentence was entered on April 2, 2014,[4] and it became final thirty days later.  *See Camacho v. Ray Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015).  Therefore, the one-year limitations period began to run on May 2, 2014, the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Mr. Smith properly filed his Rule 37 petition on June 26, 2014 (Doc. No. 8-3), and the Ashley County Circuit Court dismissed the petition on March 3, 2015.  (Doc. No. 8-5.)  The time during which Mr. Smith's Rule 37 was pending before the circuit court was tolled.  And while Mr. Smith filed a notice of appeal on March 13, 2015 (Doc No. 8-6), he failed to lodge the record within

---

[4]Although Mr. Smith pleaded guilty on March 31, 2014, the sentencing order was not file-marked until April 2, 2014.  (Doc. No. 8-2 at 9.)

the ninety-day period required by Arkansas Procedure.  Ark. R. App. P. -- Crim. 4(b).  Mr. Smith filed a motion for extension of time to lodge the record (Doc. No. 8-7), but it too was filed outside the ninety-day window.  The Arkansas Supreme Court denied Mr. Smith's motion for rule on clerk because he failed to comply with state procedures.  *Smith v. State*, 2016 Ark. 194 *3.  Therefore, I find the appeal was not "properly filed" and does not toll the limitations period.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (when the state court rejects a petition as untimely, it is not properly filed and does not toll AEDPA's limitations period).

Even giving Mr. Smith all benefit of the doubt and tolling an additional ninety days for the time allowed to lodge the appeal, the instant Petition is untimely.  His conviction was final and the limitations period began running on May 2, 2014.  It ran fifty-five days until he filed his Rule 37 petition on June 26, 2014. The court dismissed his petition on March 3, 2015, but since Mr. Smith appealed the decision, the time was tolled ninety days to lodge his record of appeal, or until June 1, 2015.  Mr. Smith failed to properly file his record of appeal, so he received no more tolling and the limitations period ran from June 1, 2015, to April 6, 2016.  His May 31, 2016, Petition for Writ of Habeas Corpus was filed fifty-five days late.

Mr. Smith states he should be granted equitable tolling because the Ashley County Circuit Clerk "would not forward the Rule 37.1 records in a timely manner," which prevented him from "tender[ing] the Rule 37 records . . . in a timely manner."  (Doc. No. 2 at 2.)  He adds the clerk refused to prepare and transmit the records.  (*Id.* at 3.)

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).  I find neither element in Mr. Smith's case.

Mr. Smith blames the Ashley County Circuit Clerk for not forwarding the records on time. However, the Arkansas Supreme Court has said, "It is not the duty of the circuit clerk to perfect an appeal.  The [Petitioner] has the responsibility for filing a timely notice of appeal and requesting in a letter to the clerk that the record be prepared and transmitted to either the [Petitioner] or to the clerk of this court.  This request is not part of the notice of appeal." *Sullivan v. State*, 301 Ark. 352, 354 (1990).  Accordingly, I cannot find Mr. Smith diligently pursued his rights or some extraordinary circumstance prevented his timely lodging of the record.  Therefore, equitable tolling should not apply, and Mr. Smith's Petition must be dismissed as time-barred.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability:  "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is time-barred.  Therefore, no certificate of appealability should be issued.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The  Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

2.      A certificate of appealability should not be issued.

DATED this 28th day of September, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE