IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE JAMES SMITH
ADC #127694                                                                PETITIONER

v.                              No. 5:16-cv-166-DPM

WENDY KELLEY                                                               RESPONDENT

ORDER

1. On *de novo* review, the Court adopts the recommendation as modified, № 10, and overrules Smith's objections, № 11. FED. R. CIV. P. 72(b)(3).

2. The Court believes the Magistrate Judge's fallback position — that the statute of limitations was tolled during the ninety days allowed to lodge the appellate record — is the correct one. № 10 at 5; *Mills v. Norris*, 187 F.3d 881, 884 (8th Cir. 1999). Smith believes his petition to correct an illegal sentence, № 8-13, also tolled the statute of limitations. But that petition was filed in his 2010 case. № 8-13 at 1. As the Magistrate Judge notes, in this *habeas* petition, Smith challenges the conviction in his 2014 case. № 1 at 1; № 10 at 3 & n.3. Thus, even with statutory tolling, Smith's petition was almost two months late.

**3.** Smith makes a run at equitable tolling; but it fails. It's unclear whether Smith followed the procedure for getting his Rule 37 record lodged. *Compare* № 8-6 *with* № 11 *at 3* (notice of appeal without an attached verified *in forma pauperis* form); ARK. R. APP. P. — CRIM. 2(c)(1)–(2). But even if he did, he hasn't shown the extraordinary circumstances required for equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). The law in this area is strict. Even for *pro se* petitioners, confusion about state rules or the federal statute of limitations isn't an extraordinary circumstance. *E.g., Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004). When Smith's record-lodging issues began, he could have filed a placeholder federal *habeas* petition and requested a stay while those issues played out. He didn't. And this isn't a case where a trial or appellate court lulled Smith into inaction by failing to "follow an established procedure that would have allowed [Smith's] claims to be heard." *Johnson v. Hobbs*, 678 F.3d 607, 612 (8th Cir. 2012); *Smith v. State*, 2016 Ark. 194 (*per curiam*). Without the verified *in forma pauperis* application, for example, the circuit clerk had no obligation to prepare, certify, and transmit the record on appeal. In short, Smith hasn't cleared the high bar that the equitable tolling cases set.

**4.** Smith's claims are time-barred; and his case doesn't present extraordinary circumstances warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). His petition, № 1, will therefore be dismissed with prejudice. No certificate of appealability will issue. 28 U.S.C. § 2253(c)(1)–(2); *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002).

So Ordered.

*DPMarshall J.*
D.P. Marshall Jr.
United States District Judge

20 December 2016